IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**JOHNNY ALLIE**                                                                                           **PLAINTIFF**
*Reg #44096-177*

**v.**                                    **Case No**. **2:20-cv-00211-LPR-JTR**

**DEWAYNE HENDRIX**
*Warden, FCI-Forrest City*;
**MICHAEL CARVAJAL**
*Director of the Bureau of Prisons*;
**UNITED STATES OF AMERICA**                                                               **DEFENDANT**

## ORDER

I have received a Partial Recommended Disposition from Magistrate Judge Thomas Ray. Petitioner has filed an objection. After a careful review of the Objection, and a *de novo* review of the Recommendation and the record, I conclude as follows.

1.  Judge Ray is correct that 2241 is not an appropriate vehicle for Petitioner's claims. Judge Ray is thus correct to recommend dismissal without prejudice of the habeas petition and to allow the claims to proceed as *Bivens* claims. It is correct to say that, as a general matter, the Eighth Circuit has shut the door on the use of 2241 to bring conditions of confinement claims. But let us assume for a moment that the Eighth Circuit might adopt the Sixth Circuit's exception to this general rule for claims that allege there is no remedy but release from custody that would solve a purported Eighth Amendment violation. (Doc. 4 at 4 & n.3). Judge Ray would still be right on the facts of the instant case. In his Objection to the Recommendation, Petitioner says quite clearly that there are available remedies other than release from custody that could rectify the purported Eighth Amendment violation. (Doc. 5 at 2) (arguing that "the petitioner does not assert" that ending his custodial confinement "is the only remedy"). That means, among other things, that our

case is about conditions of confinement as opposed to the very fact of custody itself. Such claims are (or may be) viable *Bivens* claims; they are not 2241 claims.

2. Judge Ray is correct that, on this record, the Petitioner is not entitled to an *ex parte* TRO regarding retaliation and mail-opening. I adopt his Recommendation on that front in its entirety.

3. The Complaint includes a passing request for an *ex parte* TRO and preliminary injunction "requiring Respondents to immediately adopt mitigation efforts" in the prison. (Doc. 1 at 30). But Petitioner has not yet filed a motion for a TRO or PI related to this request. The Federal Rules of Civil Procedure (and the local rules) prevent construing the Complaint itself as a Motion for an *ex parte* Temporary Restraining Order. Even if I could construe the Complaint as seeking an *ex parte* TRO related to COVID mitigation, I would deny the request. In the circumstances of this case, the Respondents should first have the opportunity to respond to any request for preliminary injunctive relief. If Petitioner files a Motion for Preliminary Injunction, and assuming he has complied with Judge Ray's Screening Order (Doc. 3), I would ask Judge Ray to set an aggressive schedule to resolve such a motion.

IT IS THEREFORE ORDERED that:

1. Mr. Allie's 2241 habeas petition is DISMISSED without prejudice.

2. The Clerk is to reclassify this action as a 555 (Prison Conditions: Civil Rights).

3. Mr. Allie's Motion for an *ex parte* Temporary Restraining Order is denied.

4. The Clerk should mail a courtesy copy of this Order to the United States Attorney.

Dated this 21st day of December 2020.

LEE P. RUDOFSKY
UNITED STATES DISTRICT COURT